UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN GRAY,

Plaintiff,

-against-

J.P. MORGAN CHASE, N.A.,

Defendant.

**REPORT AND RECOMMENDATION**

24-CV-8065 (OEM) (CHK)

**CLAY H. KAMINSKY, United States Magistrate Judge:**

On September 22, 2026, Plaintiff John Gray filed the instant *pro se* motion for relief from the Court's final judgment on the basis of fraud, pursuant to Fed. R. Civ. P. 60(b)(3). *See* ECF Nos. 53, 54.[1] The Honorable Orelia E. Merchant referred that motion to me on September 28, 2026. For the reasons that follow, I respectfully recommend denying Plaintiff's motion.[2]

In his motion, Plaintiff alleges that two of his prior attorneys, Mr. Elliot Schlissel and Mr. Roland Weiss, engaged in fraud and misconduct while representing him in this action. First, Plaintiff asserts that Mr. Schlissel failed to respond to several court orders, which led to the dismissal of this action before it was later

[1] Although Plaintiff was represented by counsel at the time he filed this motion, the Court, in its discretion, will nevertheless accept Plaintiff's *pro se* motion. *See Pow v. Armellini Indus. Inc.*, No. 22-CV-10908, 2025 WL 3638209, at *4 (S.D.N.Y. Dec. 16, 2025) (holding that courts have discretion to accept *pro se* filings submitted by a represented party).

[2] Because Plaintiff seeks relief from the Court's dispositive order granting Defendant's motion to dismiss, I issue this decision in the form of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); *Azeez v. City of New York*, No. 16-CV-342, 2020 WL 5554878 (E.D.N.Y. Sept. 17, 2020), *on reconsideration,* 2021 WL 3578500 (E.D.N.Y. Aug. 13, 2021) (deciding Rule 60(b) motion by report and recommendation).

reopened. Second, Plaintiff asserts that Mr. Weiss filed two amended complaints without Plaintiff's approval, which Plaintiff argues omitted some of his critical claims and incorrectly asserted other claims. Plaintiff also asserts that Mr. Weiss failed to timely file his third amended complaint. In Plaintiff's reply, he alleges that this conduct demonstrates that his former counsel conspired with Defendant's counsel, Mr. James Berg, to obstruct his case. Pl.'s Reply, ECF No. 58, at 1.[3]

Plaintiff argues that this conduct of prior counsel prevented him from obtaining a favorable outcome in his case. But the context of this case shows otherwise: after the withdrawal of both Mr. Schlissel and Mr. Weiss, Plaintiff's new counsel appeared in the case and moved for leave to file a Fourth Amended Complaint, which this Court granted. *See* October 9, 2025 Order. Although Judge Merchant subsequently granted Defendant's motion to dismiss that complaint, Judge Merchant's order was based on the claims made in the Fourth Amended Complaint and not any of the previous complaints filed by Mr. Schlissel or Mr. Weiss. Thus, any of the concerns with counsel's previously filed complaints were rendered moot and did not affect the outcome of the motion to dismiss.

Federal Rule of Civil Procedure 60(b)(3) provides, in relevant part, that courts "may relieve a party or its legal representative from a final judgment, order, or proceeding" for, as noted in Plaintiff's motion, "fraud . . ., misrepresentation, or

---

[3] Although Plaintiff argues that Defendant's opposition does not deny the allegations of misconduct and should thus be deemed admitted, a review of Defendant's opposition contradicts Plaintiff's argument. *See* Def.'s Opp. at 16 ("Chase does, however, dispute that the First Amended Complaint – as well as any other document filed by Mr. Gray or any of his three different attorneys in this action – were filed "in concert.").

misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, Rule 60(b)(3) does not apply to Plaintiff's allegations; it applies to only fraud or misconduct by an opposing party, not one's own counsel. *See Harper v. New York City Transit Auth.*, No. 17-CV-6979, 2021 WL 197225, at *3 (S.D.N.Y. Jan. 20, 2021). Although Plaintiff's reply clarifies that he also alleges fraud on the part of opposing counsel, Plaintiff has not put forth "clear and convincing evidence of material misrepresentation" made by opposing counsel that has prevented him from "fully and fairly presenting his case." *Lopez v. Mohammed*, No. 14-CV-4443, 2017 WL 4277154, at *8 (E.D.N.Y. Sep. 26, 2017); *see King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

The Court has also considered whether Plaintiff has provided "any other reason that justifies relief" pursuant to Rule 60(b)(6). He has not. Relief under Rule 60(b)(6) may be granted "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*, No. 07-CV-3494, 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (quotation marks omitted)). Although dilatory conduct by one's own counsel may be an extraordinary circumstance in some cases, *see D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002), such circumstances are not present here. As discussed above, Judge Merchant's determination of the motion to dismiss was based solely on the Fourth Amended Complaint and not any conduct by his prior counsel.

Plaintiff was not prejudiced by his prior counsel's conduct, which therefore does not create an extraordinary circumstance that warrants relief under Rule 60(b)(6).

Accordingly, for the reasons explained above, I recommend denying Plaintiff's motion.

* * * * *

Defendant is directed to serve this report and recommendation on Plaintiff and file proof of service on the docket by **November 6, 2026.** Objections to this report and recommendation must be filed within fourteen (14) days of service. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision") (quotation marks omitted).

SO RECOMMENDED.

/s/ Clay H. Kaminsky________
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: November 2, 2026
Brooklyn, New York